# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANCY BLANCO, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) BATH & BODY WORKS, LLC, ) ) Defendant. ) | No. 1:22 CV 01207 Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Nancy Blanco filed a putative class action lawsuit in the Circuit Court of Cook County, Illinois, alleging that Defendant Bath & Body Works, LLC ("Bath & Body Works") violated the Fair and Accurate Credit Transactions Act ("FACTA") by providing her with a receipt that did not properly truncate her debit card number. (Class Action Complaint ("Compl.") (Dkt. No. 1-1) ¶¶ 1, 28.)[1] Bath & Body Works then removed the case to this court, asserting that we have federal question jurisdiction over the matter under 28 U.S.C. § 1331. (Dkt. No. 1 at 1, 3.) Blanco now seeks to remand the case back to state court for lack of subject matter jurisdiction. (Motion to Remand Pursuant to 28 U.S.C. § 1447(c) and Memorandum of Law in Support Thereof ("Motion to Remand") (Dkt. No. 9) at 1.) She also seeks an award of the attorney's fees she incurred in challenging the removal. (*Id*. at 3.) For the reasons set forth below, we remand the case to the Circuit Court of Cook County but deny Blanco's request for attorney's fees.

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

## BACKGROUND

On or about June 24, 2021, Blanco used her personal debit card to make a purchase at a Bath & Body Works store in Norridge, Illinois. (Compl. ¶ 27.) Bath & Body Works provided her with a "receipt that disclosed the first six and last four digits" of her debit card account number. (*Id.* ¶ 28.) According to Blanco, this violated FACTA (*id.* ¶ 1), which prohibits people who "accept[] credit cards or debit cards for the transaction of business" from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). As a result of the improper truncation, Blanco asserts that she:

> suffered a number of harms, including, but not limited to, violation of [her] FACTA rights, breach of [her] confidence in the safe handling of [her] account information, invasion of [her] privacy as a result of the disclosure of [her] account information to those of [Bath & Body Works's] staff or agents who handled the receipts, exposure to an elevated risk of identity theft, the burden of having to keep or destroy the receipt to prevent further disclosure of [her] account information, and monetary harm from paying for what was supposed to be a secure and legally compliant transaction.

(Compl. ¶ 1.) She seeks statutory and punitive damages, attorney's fees, litigation expenses, and costs of the suit. (*Id.* at 14.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). Removing a case filed in state court to federal court "is proper only when [the] case could originally have been filed in federal court." *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). As the party invoking federal jurisdiction, Bath & Body Works bears the burden of establishing that all elements of jurisdiction, including Article III standing,

2

were satisfied at the time of removal. *Id.* If Bath & Body Works cannot meet this burden, we must remand the case to state court. *See* 28 U.S.C. § 1447(c).

## ANALYSIS

### I. Blanco's Request for Remand

Blanco argues that this case should be remanded to state court because we do not have subject-matter jurisdiction over this case. (Motion to Remand at 4–8.) According to Blanco, jurisdiction is lacking because she has not adequately alleged that she has standing to pursue her claim in federal court. (*Id.*) Specifically, Blanco argues that she has not sufficiently pled that she suffered an injury in fact. (*Id.* at 5.) Bath & Body Works responds that our jurisdiction is "obvious" from the face of the Complaint because Blanco alleges that Bath & Body Works caused her to suffer several concrete harms that are sufficient to establish standing at this stage: "invasion of [her] privacy," "exposure to an elevated risk of identity theft," and "monetary harm from paying for what was supposed to be a secure and legally compliant transaction." (Bath & Body Works, LLC's Opposition to Remand ("Opposition") (Dkt. No. 15) at 1, 5 (quoting Compl. ¶ 1).)

Article III standing "consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "Injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992) (internal quotation marks and citations omitted). For an injury to meet the traceability requirement, it must be "fairly traceable to the challenged action of the defendant,

3

and not the result of the independent action of some third party not before the court." *Id*. (internal quotation marks, ellipses, alterations, and citations omitted). An injury meets the redressability requirement where it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561, 112 S. Ct. at 2136 (internal quotation marks and citation omitted). "[E]ach element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Id*. At the pleading stage, standing is demonstrated "by clearly pleading allegations that plausibly suggest each element of standing . . . .'" *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (internal quotation marks and citations omitted). Conclusory allegations will not suffice. *See, e.g.*, *Collier*, 889 F.3d at 896 (a single reference to "actual damages" in a complaint's prayer for relief did not plead Article III standing). For the reasons set forth below, none of the harms identified by Bath & Body Works satisfy this standard.

Bath & Body Works devotes most of its briefing to arguing that Blanco has standing because she allegedly suffered "monetary harm from paying for what was supposed to be a secure and legally compliant transaction." (*See* Opposition at 1–2, 5–7.) According to Bath & Body Works, there can be no doubt that Blanco sufficiently alleged an injury in fact because "[m]onetary injury is the quintessential, preeminent Article III injury." (*Id*. at 5.) But even if we agree with Bath & Body Works that Blanco's allegation of monetary harm sufficiently alleges an injury in fact, Bath & Body Works has not shown that the injury is traceable to the FACTA violation at issue. Blanco's sole cause of action alleges a violation of 15 U.S.C. § 1681c(g)(1) (*see* Compl. ¶¶ 48–56), which requires merchants to truncate certain information about a customer's account on their receipts. *See* 15 U.S.C. § 1681c(g)(1). Bath & Body Works does not explain how Blanco's purported "monetary harm from paying for what was supposed to be a

secure and legally compliant transaction" can be traced to its alleged violation of 15 U.S.C. § 1681c(g)(1). (*See generally* Opposition.) Instead, Bath & Body Works argues that we must assume that its purported FACTA violation caused Blanco to suffer monetary harm because that is what she alleged in her Complaint, and Illinois law requires that all allegations in a complaint be "well grounded in fact and . . . warranted by existing law." (*Id*. at 5 (quoting Ill. Sup. Ct. R. 137(a)).) But just because Illinois law requires allegations to be grounded in fact does not mean that Blanco has adequately alleged a traceable harm here. Without further explanation, it is unclear how the alleged monetary harm traces back to Bath & Body Works's challenged conduct because the purported harm (payment of money for a purchase) *preceded* the challenged conduct (the printing of an improperly truncated receipt).

Separately, Bath & Body Works has not shown that Blanco's allegation of monetary harm is likely to be redressed by a favorable decision here. Bath & Body Works does not address the issue of redressability in its briefing at all. (*See generally* Opposition.) And Blanco is not seeking compensation for the monetary harm that she purportedly suffered by paying for a supposedly secure and legal transaction—she only seeks statutory and punitive damages, attorney's fees, litigation expenses, and costs of the suit. (*See* Compl. at 14.) Absent further clarification, we are hard-pressed to find that Blanco's monetary injury is likely to be redressed by this litigation. For these reasons, we reject Bath & Body Works's argument that Blanco has standing based on the monetary harm that she purportedly suffered.

Bath & Body Works has not convinced us that Blanco has standing to sue based on her increased risk of identity theft either. In a cursory footnote, Bath & Body Works observes that "allegations of exposure to elevated risk of identity theft and invasion of privacy . . . have been deemed to constitute Article III injuries by federal courts." (*See* Opposition at 6 n.1.) Bath &

5

Body Works does not apply the authorities it cites to the facts of this case or otherwise explain why the identity theft allegations in this case satisfy the Article III factors. This alone is reason to reject Bath & Body Works's argument. *See, e.g.*, *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived . . ."); *O'Connor v. Ford Motor Co.*, Case No. 19-cv-5045, 2021 WL 4866353, at *2 n.1 (N.D. Ill. Oct. 19, 2021) ("The Court is . . . within its discretion to consider points made only in footnotes to be waived.").

However, Bath & Body Works's argument fails in substance as well. Blanco alleges that she received an improperly truncated receipt and speculates that "other patrons, employees, and/or potential identity thieves" may have seen her debit card information. (*See* Compl. ¶¶ 28–31.) But there is no allegation that anyone acted on the information contained in the receipt or that an identity thief even saw the receipt. (*See generally* Compl.) Accordingly, Blanco's allegation amounts to nothing more than the theoretical risk of a future harm that is too speculative to amount to an injury in fact. *See Ewing v. Med-1 Sols., LLC*, 24 F.4th 1146, 1152 (7th Cir. 2022) ("[A] risk of future harm, without more, is insufficiently concrete to permit standing to sue for damages in federal court."); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 933 (11th Cir. 2020) (en banc) (allegation that the improper truncation of card numbers caused plaintiff to suffer continued exposure "to an elevated risk of identity theft" was insufficiently concrete because "no facts alleged in the complaint provide insights into what degree of 'elevated risk' [plaintiff] faced, or why"). Blanco does not have standing based on the risk of identity theft.

Finally, we consider Bath & Body Works's contention that Blanco has standing based on her invasion of privacy allegation. This contention—like Bath & Body Works's argument

concerning the risk of identity theft—is advanced in the same, undeveloped footnote (*see* Opposition at 6 n.1), and therefore, suffers from similar infirmities. Bath & Body Works makes no attempt to explain why the invasion of privacy alleged here satisfies the Article III inquiry. Because Bath & Body Works's argument is undeveloped, it is waived. *See, e.g.*, *Schaefer*, 839 F.3d at 607; *O'Connor*, 2021 WL 4866353, at *2 n.1.

Bath & Body Works's argument also fails on the merits. Blanco alleges that her privacy was invaded when her account information was disclosed to Bath & Body Works "employees who handed her the receipt and to the extent that information was exposed to other patrons, employees, and/or potential identity thieves." (*See* Compl. ¶ 31.) From this allegation, however, it does not necessarily follow that Blanco's privacy was invaded. Other courts have expressed skepticism at the idea that a customer is concretely harmed merely because an employee saw or had access to the customer's account number while checking the customer out. *See, e.g., Keim v. Trader Joe's Co.*, Case No. 19-10156 PSG (MRWx), 2020 WL 564120, at *2 (C.D. Cal. Feb. 5, 2020) ("Even if Plaintiff alleged that the employee saw the receipt, 'the Court is not convinced that such an allegation would in fact constitute an identifiable harm, given that the employee who handed the receipt presumably did so after Plaintiff voluntarily provided his credit card, where the expiration date was displayed (as well as all of the other financial information such as the credit card number and its security code), to the employee for processing.'") (quoting *Garcia v. Kahala Brands, LTD.*, No. CV 19-10062-GW-(JEMx), 2020 WL 256518, at *2 (C.D. Cal. Jan. 16, 2020)); *Gesten v. Burger King Corp.*, Civil Action No. 17-22541-Civ-Scola, 2017 WL 4326101, at *5 (S.D. Fla. Sept. 27, 2017) (observing that the disclosure of credit card account information to Burger King employees did not amount to a disclosure of private information because the "disclosure" at issue was "no different than the 'disclosure' that happens any time a

consumer uses a credit card to pay for a transaction," and that "is not the type of harm that Congress identified in enacting FACTA"). Without additional allegations supporting the invasion of privacy, we cannot conclude that it was plausibly pled.

Nor are we convinced that Blanco was concretely harmed because others might have seen her account number. The Complaint does not allege that other patrons, employees, or potential identity thieves actually saw Blanco's receipt or acted on it. Blanco's alleged concern is speculative, and therefore, too insubstantial to show that she suffered an injury in fact. *See Keim*, 2020 WL 564120, at *2 ("The fact that the employee possibly saw the information, absent any further allegations that the employee actually saw or acted on it, is insufficient to confer standing."); *Stelmachers v. Verifone Sys., Inc.*, Case No. 5:14-cv-04912-EJD, 2017 WL 3968871, at *5 (N.D. Cal. Sept. 7, 2017) (allegation that FACTA violation may have exposed plaintiff's credit card number to defendant's "staff and possibly others" did not "demonstrate a material risk to the concrete interest that Congress sought to protect through FACTA").

* * *

Because Bath & Body Works has not shown that Blanco has standing to pursue her FACTA claim in federal court, we remand the case to the Circuit Court of Cook County, Illinois, for further proceedings.

## II.     Blanco's Request for Attorney's Fees

Blanco also urges us to award her the attorney's fees she incurred in connection with the removal. (Motion to Remand at 8–9.) According to Blanco, Bath & Body Works should have known that removal was futile given precedent showing that removal is not appropriate in FACTA cases like this one. (*Id*.) Bath & Body Works disagrees, arguing that it had reason to

believe that Blanco had standing to sue in federal court. (Opposition at 9–10.) In Bath & Body Works's view, no clearly established law foreclosed removal in this case. (*Id*. at 9.)

"When a plaintiff is successful in moving to remand, a court's remand order 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Colin v. Alpargatas USA, Inc.*, Case No. 21-9394-GW-Ex, 2022 WL 557179, at *4 (C.D. Cal. Feb. 4, 2022) (quoting 28 U.S.C. § 1447(c)). Generally, a court may award attorney's fees if the removing party lacks an objectively reasonable basis for removing the case to federal court. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005); *Wells Fargo Bank, N.A. v. Younan Props.*, 737 F.3d 465, 469 (7th Cir. 2013).

Although we are remanding this case, it was not unreasonable for Bath & Body Works to assert that removal was proper. The law concerning whether plaintiffs have Article III standing to pursue FACTA claims in federal court is evolving. *See, e.g., Donahue v. Everi Payments, Inc.*, No. 19 c 3665, Dkt. No. 27 at 6–7 (N.D. Ill. Aug. 19, 2019) (noting that "[t]he law on whether a violation of FACTA's card number truncation requirement suffices to convey Article III standing continues to develop" and collecting cases). And this is not a case in which the Complaint is devoid of any allegations of harm that could reasonably satisfy the Article III inquiry. Allegations of monetary harm, such as that found in Blanco's Complaint, may support Article III standing if properly pled. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as . . . monetary harms."); *Ewing*, 24 F.4th at 1151 ("Traditional tangible harms, such as . . . monetary harm, easily meet the concreteness requirement."); *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 568 (7th Cir. 2021) (observing that monetary harms "readily qualify as concrete injuries") (internal

quotation marks and citation omitted). If there had been more facts in the Complaint to support the alleged harms or to tie them to the statutory violation at issue, Blanco may have had standing to pursue her claim in federal court. Therefore, we deny Blanco's request for attorney's fees and costs. *See Martin*, 546 U.S. at 136, 126 S. Ct. at 708; *Wells Fargo*, 737 F.3d at 469.

## CONCLUSION

For the above reasons, we grant Blanco's Motion to Remand (Dkt. No. 9) in part and deny it in part. This case is remanded forthwith to the Circuit Court of Cook County, Illinois, for further proceedings. We deny Blanco's request for attorney's fees. This civil case is terminated. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: June 3, 2022
Chicago, Illinois